APPEAL OF EDWARD DEUTSCH, EXECUTOR, ESTATE OF MRS. JOHN DEUTSCH, DECEASED.

Docket No. 4995.     Decided September 24, 1926.

*George G. Witter, Esq.*, for the Commissioner.

SMITH: This is an appeal from the determination of a deficiency in income tax for the year 1920 in the amount of $4,550.82.

### FINDINGS OF FACT.

In 1908, John Deutsch (the owner of land afterwards sold at a profit) died testate leaving a last will and testament, which reads in part as follows:

FIRST, I order and direct that my Executrix hereinafter named pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

SECOND, After the payment of such funeral expenses and debts, I give, devise and bequeath to my beloved wife, Louise Deutsch, during her natural life, all my personal property, consisting, or may consist, of money on hands or notes, furniture, beds & bedding, farm utensils, live stock, provisions, grain, hay & straw in field or barn & grainery—Also my farm, to-wit:—The Ea. half of N. East Quarter, and the East half of So. East Quarter in Sec. thirty (30), Town 23, Range two East. To have and to hold the same during her natural life, and manage and till the same farm to the best (with the help of my children or otherwise) of her ability. Keep same in good condition, pay all taxes or other indebtedness thereon, and manage everything the same as I would have done if spared by providence. I also empower her to make disposition as equitable among our now living children, William, John, Louis, Edward, Mathilde, Hulda, and Anna, as possibly could be done after her demise, to the best of her own judgment and belief.

LASTLY, I make, constitute and appoint my said beloved wife, Louise Deutsch, without bond, with power to select assistant, to be Executrix of this, my last Will and Testament, hereby revoking all former Wills by me made.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my seal, the eighth day of April, in the year of our Lord, One Thousand eight hundred and ninety-eight.

JOHN DEUTSCH (SEAL)

The widow was appointed executrix and in a year or two settled the estate and was discharged. She and some of the children continued to occupy the farm while others resided elsewhere. In 1920 the farm was sold at a profit, determined by the Commissioner to be $32,612.28. The widow, on the advice of the collector of internal revenue at Bloomington, Ill., made a tax return for 1920 in which she charged herself with having made a profit on the sale of $22,167.52 and paid the income tax figured on that sum. A year or so later she was assessed an additional tax of $2,318.76, based on the claim that there had been more profit on the sale than had been reported owing to the fact that the land in 1913 had been placed at too high a figure.

At the time of the reassessment the widow had died and Edward Deutsch was acting as her executor. He filed a claim on behalf of the estate of his mother for a refund of the tax that had been paid by her and for cancellation of the additional tax that had been levied. Upon evidence filed in support of the claim, the Commissioner ruled that the widow had only a life interest in the property which was sold, and that no profit derived from the sale inured to her, but that there was a profit to the fee owners, and that the amount representing profit from the sale of the farm should be eliminated from the individual return of the widow and that there had been an overassessment of $3,007.76 on the return, which amount would be made the subject of a certificate of overassessment. In this decision it was held that the profit derived from the sale represented undistributable income of a trust entity, and that as the property was not distributable to the mother or children it would therefore be held in a fund during the life of the mother in order that she might have the use of it. The Commissioner prepared a return for the estate or trust showing the profit as income on which the tax alleged to be due is $4,550.82. It is from the proposed additional assessment that the petitioner has appealed to this Board.

The above constitutes all of the findings of fact which can be made from the record.

*Judgment for the Commissioner.*